1
2
3
4

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

5
6

GINA KIM, on behalf of a class consisting of herself and all other persons similarly situated,

**Cause No.**

7

Plaintiffs,

**COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED**

8

vs.

9
10

COACH, INC., a Maryland corporation, and COACH SERVICES, INC., a Maryland corporation,

11

Defendants

12
13

## SUMMARY

14

Defendant Coach, Inc. is engaged in an illegal, statewide and nationwide campaign to

15

suppress "second hand" sales of its handbags and other products.  Through this campaign,

16

Coach is trying to force all consumers to purchase Coach products only in their expensive retail

17

stores, rather than through online second hand online outlets such as E-Bay.  Unfortunately, in

18

its pursuit of maximum profits, Coach has employed unfair and deceptive practices and has

violated state and federal law.

19

Without investigating the validity of its allegations, Coach wantonly accuses consumers

20

of infringing its trademarks by selling counterfeit Coach products.  Coach apparently monitors

21

online retailers such as E-Bay, looking for ads from consumers selling second hand Coach

22

products.  In response to such ads, Coach delegates a New York law firm to launch a threatening

23

letter to the consumer.  These letters accuse the consumer of trademark infringement, threaten

24

legal action, and demand the immediate payment of damages to Coach in "settlement" of

Coach's threats.  At the same time, Coach (or its New York law firm) informs the online retailer

25

that infringing merchandise is being sold on its website.  In many cases, this causes the online

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA  98119
(206) 414-8968
(206) 452-0722 FAX

retailer to involuntarily remove the allegedly infringing ad, and to disable the consumer's online account. This destroys any chance the consumer had to sell the Coach product second hand, and otherwise damages the consumer.

In many cases (such as that of the lead plaintiff identified here), Coach's allegations of infringement are flatly false. It appears that Coach fails to conduct even a minimally reasonable investigation into its counterfeiting claims before threatening legal action. For example, the lead plaintiff identified in this Complaint *is a former Coach employee*, who owned, and tried to sell, genuine and legitimate Coach products. It was entirely legal for her to do so. Coach's threats against her were false, reckless, and unwarranted.

On information and belief, many consumers have paid Coach its demanded damages to try and "make them go away," even though such consumers never tried to sell infringing or counterfeit merchandise.

On behalf of herself and all others similarly situated and unknown, the PLAINTIFF alleges as follows:

## I.   NATURE OF PLAINTIFF'S CLAIMS

This class action lawsuit arises on the following grounds: (1) the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("CPA"), (2) Misrepresentation of Trademark Infringement, 17 U.S.C., Section 512(f), (3) Defamation, and  (4) Tortious interference with business expectancy.

## II.   PARTIES

1.   Gina Kim is the representative plaintiff in this action. She is a resident of King County, Washington, which is within this judicial district.

2.   The plaintiff class alleged consists of all consumers in Washington State who have, in the last three years, received a cease and desist letter from Coach or any agents of Coach, accusing them of attempting to sell infringing and counterfeit Coach products through an online outlet such as E-Bay, Craigslist, or other such services, where such allegation is false.

3.   Defendants Coach, Inc. and Coach Services, Inc. are Maryland corporations having their principal office and place of business in a state other than Washington. Coach does extensive business in Washington State.

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA  98119
(206) 414-8968
(206) 452-0722 FAX

### III.   JURISDICTION AND VENUE

1.   The events giving rise to this claim arose in King County, Washington.

2.   This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the cases raises questions of federal law.   This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.   Personal jurisdiction over the Defendants is proper because Defendants market and sell their trademarked products in this jurisdiction and because Defendants directed damaging, defamatory, and tortious statements against a resident of this district.

4.   Venue is proper in this district under 28 U.S.C. § 1391(a), (b), and (c).

### IV.   FACTS COMMON TO ALL COUNTS

1.   Plaintiff is an online vendor of goods, including handbags.

2.   Plaintiff operates a Washington-based seller account on Ebay.

### 1.   VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

1.   Plaintiff incorporates and re-alleges the preceding paragraphs.

2.   Plaintiff's attempt to sale an "asset," a handbag, on Ebay constituted "trade" and "commerce" under RCW 19.96.010.

3.   In October 2010, Defendants, without conducting any reasonable investigation, notified Ebay that a handbag sold by Plaintiff was counterfeit and infringed Defendants' trademarks.

4.   Defendants' unsubstantiated claims led to the removal of Plaintiff's advertisement for sale of a handbag from Ebay and the elimination of Plaintiff's seller account.

5.   On October 8, 2010, Defendants, through their attorney, notified Plaintiff of the alleged trademark violation and demanded that Plaintiff return the handbag to Defendants and pay monetary damages.

6.   Plaintiff's handbag was not counterfeit.

7.   Defendants statements that Plaintiff sold counterfeit products are false and misleading statements of fact.

8.   The aforementioned statements disparage the goods and business of Plaintiff, hindering commerce and adversely impacting Plaintiff's business interests.

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA  98119
(206) 414-8968
(206) 452-0722 FAX

9.    Defendants' accusations amount to unfair and deceptive trade practices in violation of RCW 19.86.020.

10.    Under RCW 19.86.090, Plaintiff is entitled to actual damages, treble damages, and attorney's fees.

11.    Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

## 2.    MISREPRESENTATION OF TRADEMARK INFRINGEMENT IN VIOLATION OF 17 U.S.C. 512(f), AND DECLARATORY JUDGMENT

1.    Plaintiff incorporates and re-alleges the preceding paragraphs.

2.    Defendants claim rights in various federal trademarks.

3.    In October 2010, Defendants, without conducting a thorough investigation, notified Ebay that a handbag sold by Plaintiff was counterfeit and infringed Defendants' trademarks. This constituted a knowing, material misrepresentation of trademark infringement.

4.    On October 8, 2010, Defendants, through their attorney, notified Plaintiff of the alleged trademark violation and requested that Plaintiff return the handbag to Defendants and pay monetary damages.  This constituted a knowing, material misrepresentation of trademark infringement.

5.    Contrary to Defendants' accusations, Plaintiff did not infringe Defendants' trademarks or violate any other law.

6.    Accordingly, there is a substantial controversy between parties having adverse legal interests of sufficient immediacy.

7.    Plaintiff is entitled to a declaration that she has not infringed Defendant's trademarks. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the matters in dispute.

8.    Plaintiff is entitled to other relief, including reasonable attorneys fees, enumerated in 17 U.S.C. 512(f).

9. Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

## 3.    DEFAMATION

1.    Plaintiff incorporates and re-alleges the preceding paragraphs.

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA  98119
(206) 414-8968
(206) 452-0722 FAX

2.      In October 2010, Defendants, without conducting a thorough investigation, notified Ebay that a handbag sold by Plaintiff on her Ebay seller account was counterfeit and infringed Defendants' trademarks.

3.      By letter dated October 8, 2010, Defendants, through their attorney, falsely stated that Plaintiff's merchandise was counterfeit.

4.      Contrary to Defendants' accusations, Plaintiff did not infringe Defendants' trademarks or violate any other law.

5.      The aforementioned statements are defamatory because they refer to Plaintiff and tend to prejudice her business credit, property, and operations.

6.      Defendants had no factual basis for stating that Plaintiff sold counterfeit products.

7.      Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

**4.      TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY**

1.      Plaintiff incorporates and re-alleges the preceding paragraphs.

2.      In October 2010, Defendants, without conducting a thorough investigation, notified Ebay that a handbag sold by Plaintiff was counterfeit and infringed Defendants' trademarks.  This constituted a knowing, material misrepresentation of trademark infringement. Defendants knew that plaintiff had a valid business expectancy for the sale of the handbag.

3.      On October 8, 2010, Defendants, through their attorney, notified Plaintiff of the alleged trademark violation and requested that Plaintiff return the handbag to Defendants and pay monetary damages.

4.      This conduct intentionally interfered, induced or caused a breach of the known business expectancy, causing damage to the plaintiff.

5.      Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

**V.      CLASS ALLEGATIONS**

1.      Plaintiff seeks certification of a class as defined below.

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA  98119
(206) 414-8968
(206) 452-0722 FAX

(a)   **The Class:** The plaintiff class alleged consists of all consumers in Washington State who have, in the last three years, received a cease and desist letter from Coach or the agents of Coach, accusing them of attempting to sell infringing and counterfeit Coach products through an online outlet such as E-Bay, Craigslist, and other such services, where such allegation was made without basis and has harmed the consumer.

Excluded from the Class are (i) any judge presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

2.   **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, Defendant has threatened many Class members throughout the State of Washington, making joinder of each individual member impracticable. Ultimately, the Class and members will be easily identified through Defendant's records. Plaintiff believes that the members of the Class are geographically dispersed throughout the State, and that joinder of all Class members would therefore be impracticable.

3.   **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

Common questions of law and fact include but are not limited to:

(a)   Whether Defendants threatened legal action and demanded payment of settlement damages with no basis in fact;

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

(b)      Whether Defendants notified online retailers that counterfeit merchandise was being sold on their website with no basis in fact;

(c) Whether Defendant's practices violate the CPA;

(d)  Whether Defendant's practices violate 17 U.S.C. 512(f);

(e) Whether Defendant's conduct constituted defamation;

(f) Whether Defendant's conduct tortiously interfered with a legitimate business expectancy of the Class members;

(g) Whether Plaintiff and the Class are entitled to relief, and the nature of such relief.

4.      **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class members sustained damages as a result of Defendant's uniform wrongful conduct toward Plaintiff and the Class.

5.      **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent to litigate this action. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

6.      **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendant, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class.  The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA  98119
(206) 414-8968
(206) 452-0722 FAX

litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

7.    **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class and Subclasses as a whole.  Defendant's conduct challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of that conduct hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

8.    **Reservation**:  Plaintiff reserves the right to revise the Class definition and Class allegations based upon information learned through discovery.

## VI.    PRAYER FOR RELIEF

Plaintiff prays for a judgment against Defendants as follows:

1.    For an order certifying this case as a class action pursuant to FRCP 23, and for an order appointing Plaintiff as Class representative and the undersigned counsel as class counsel;

2.    That the defendant be temporarily and permanently enjoined from continuing to engage in the conduct described in this Complaint;

3.    Under Count 1, class wide damages, treble class wide damages, and reasonable attorney fees and costs for the class as a whole;

4.    On Count 2, class wide damages, and reasonable attorney fees and costs for the class as a whole; and that a declaratory judgment be entered declaring that Plaintiff did not infringe any valid and enforceable trademarks owned by Defendants and that Defendant's conduct violated federal law;

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA  98119
(206) 414-8968
(206) 452-0722 FAX

5.    On Count 3, class wide damages, and an injunction prohibiting Defendant from continuing to disparaging the goods, services, and business of Plaintiff class members;

6.    On Count 4, class wide damages;

7.    For an order requiring Defendant to disgorge all profits, benefits, and other compensation obtained from the conduct described in this Complaint;

7.    That Plaintiff and the Class be awarded their costs and expenses incurred in connection with this action, including attorneys' fees, and pre-judgment and post-judgment interest; and

8.    For any other relief that the Court deems just and proper.

## VII.    **JURY DEMAND**

Plaintiff demands a trial by a jury of twelve of all claims so triable.

Dated this 8th day of February, 2011

Respectfully submitted,

Van Eyk & Moore, PLLC.

Jason B. Moore, WSBA No. 41324
Van Eyk & Moore, PLLC
Jay Carlson, WSBA No. 30411
Carlson Legal
Christopher Carney, WSBA No. 30325
Carney Gillespie & Isitt PLLC

COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX