UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GINA KIM, on behalf of a class consisting of herself and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COACH, INC., a Maryland corporation, and COACH SERVICES, INC., a Maryland corporation,<br><br>Defendants | Cause No. 2:11-CV-00214 RSM<br><br>**FIRST AMENDED COMPLAINT**<br><br>COMPLAINT FOR DAMAGES AND REQUEST FOR DECLARATION OF NO DEFAMATION PURSUANT TO 28 U.S.C. § 2201<br><br>CLASS ACTION ALLEGED |

## SUMMARY

Defendant Coach, Inc. is engaged in an illegal, statewide and nationwide campaign to suppress "second hand" sales of its handbags and other products. Through this campaign, Coach is trying to force all consumers to purchase Coach products only in their expensive retail stores, rather than through online second hand online outlets such as E-Bay. Unfortunately, in its pursuit of maximum profits, Coach has employed unfair and deceptive practices and has violated state and federal law.

Without thoroughly investigating the validity of its allegations, Coach wantonly accuses consumers of infringing its trademarks by selling counterfeit Coach products. Coach apparently monitors online retailers such as eBay.com, looking for ads from consumers selling second hand Coach products. In response to such ads, Coach delegates a New York law firm to launch a threatening letter to the consumer. These letters accuse the consumer of trademark infringement, threaten legal action, and demand the immediate payment of damages to Coach in "settlement" of Coach's threats. At the same time, Coach (or its New York law firm) informs the online retailer that infringing merchandise is being sold on its website. In many cases, this

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

Page 1 of 11

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

causes the online retailer to involuntarily remove the allegedly infringing ad, and to disable the consumer's online account. This destroys any chance the consumer had to sell the Coach product second hand, and otherwise damages the consumer.

In many cases (such as that of the lead plaintiff identified here), Coach's allegations of infringement are flatly false. It appears that Coach fails to conduct even a minimally reasonable investigation into its counterfeiting claims before threatening legal action. For example, the lead plaintiff identified in this Complaint *is a former Coach employee*, who owned, and tried to sell, genuine and legitimate Coach products. It was entirely legal for her to do so. Coach's threats against her were false, reckless, and unwarranted.

On information and belief, many consumers have paid Coach its demanded damages to try and "make them go away," even though such consumers never tried to sell infringing or counterfeit merchandise.

On behalf of herself and all others similarly situated and unknown, the PLAINTIFF alleges as follows:

I.   **NATURE OF PLAINTIFF'S CLAIMS**

This class action lawsuit arises on the following grounds: (1) the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("CPA"), (2) Misrepresentation of Trademark Infringement, 17 U.S.C., Section 512(f), (3) Defamation, and (4) Tortious interference with business expectancy.

The declaration of no defamation is requested because the Defendant, through its counsel Stellman Keehnel, has repeatedly threatened to sue Plaintiff's counsel for defamation. He first made this threat in a letter dated February 17, 2011, in which he also demanded that Plaintiff's counsel dismiss the lawsuit. He reiterated this defamation threat during a phone conference on Monday, February 28, in which he represented that a defamation lawsuit by Coach against Plaintiff's counsel was a certainty. There is therefore an actual controversy regarding Coach's allegations of defamation, pursuant to 28 U.S.C. § 2201.

II.  **PARTIES**

1.   Gina Kim is the representative plaintiff in this action. She is a resident of King County, Washington, which is within this judicial district.

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

Page 2 of 11

2. The plaintiff class alleged consists of all consumers in Washington State who have, in the last three years, received a cease and desist letter from Coach or any agents of Coach, accusing them of attempting to sell infringing and counterfeit Coach products through an online outlet such as E-Bay, Craigslist, or other such services, where such allegation is false.

3. Defendants Coach, Inc. and Coach Services, Inc. are Maryland corporations having their principal office and place of business in a state other than Washington. Coach does extensive business in Washington State.

4. The declaratory judgment parties include Plaintiff's counsel, who have been directly threatened with a defamation lawsuit by Coach's counsel.

### III. JURISDICTION AND VENUE

1. The events giving rise to this claim arose in King County, Washington.

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the cases raises questions of federal law and 28 U.S.C. § 1332 because of diversity between the parties and the amount in controversey. The Court has jurisdiction over the declaratory judgment action pursuant to 28 U.S.C. § 2201-02. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Personal jurisdiction over the Defendants is proper because Defendants market and sell their trademarked products in this jurisdiction and because Defendants directed damaging, defamatory, and tortious statements against a resident of this district.

4. Venue is proper in this district under 28 U.S.C. § 1391(a), (b), and (c).

### IV. FACTS COMMON TO ALL COUNTS

1. Plaintiff is an online vendor of goods, including handbags.

2. Plaintiff operates a Washington-based seller account on Ebay.

### 1. VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

1. Plaintiff incorporates and re-alleges the preceding paragraphs.

2. Plaintiff's attempt to sale an "asset," a handbag, on Ebay constituted "trade" and "commerce" under RCW 19.96.010.

3. In October 2010, Defendants, without conducting any reasonable investigation, notified Ebay that a handbag sold by Plaintiff was counterfeit and infringed Defendants' trademarks.

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

4. Defendants' unsubstantiated claims led to the removal of Plaintiff's advertisement for sale of a handbag from Ebay and the elimination of Plaintiff's seller account.

5. On October 8, 2010, Defendants, through their attorney, notified Plaintiff of the alleged trademark violation and demanded that Plaintiff return the handbag to Defendants and pay monetary damages.

6. Plaintiff's handbag was not counterfeit.

7. Defendants statements that Plaintiff sold counterfeit products are false and misleading statements of fact.

8. The aforementioned statements disparage the goods and business of Plaintiff, hindering commerce and adversely impacting Plaintiff's business interests.

9. Defendants' accusations amount to unfair and deceptive trade practices in violation of RCW 19.86.020.

10. Under RCW 19.86.090, Plaintiff is entitled to actual damages, treble damages, and attorney's fees.

11. Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

## 2. MISREPRESENTATION OF TRADEMARK INFRINGEMENT IN VIOLATION OF 17 U.S.C. 512(f), AND DECLARATORY JUDGMENT

1. Plaintiff incorporates and re-alleges the preceding paragraphs.

2. Defendants claim rights in various federal trademarks.

3. In October 2010, Defendants, without conducting a thorough investigation, notified Ebay that a handbag sold by Plaintiff was counterfeit and infringed Defendants' trademarks. This constituted a knowing, material misrepresentation of trademark infringement.

4. On October 8, 2010, Defendants, through their attorney, notified Plaintiff of the alleged trademark violation and requested that Plaintiff return the handbag to Defendants and pay monetary damages. This constituted a knowing, material misrepresentation of trademark infringement.

5. Contrary to Defendants' accusations, Plaintiff did not infringe Defendants' trademarks or violate any other law.

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

6. Accordingly, there is a substantial controversy between parties having adverse legal interests of sufficient immediacy.

7. Plaintiff is entitled to a declaration that she has not infringed Defendant's trademarks. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the matters in dispute.

8. Plaintiff is entitled to other relief, including reasonable attorneys fees, enumerated in 17 U.S.C. 512(f).

9. Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

### 3. DEFAMATION BY DEFENDANT AGAINST PLAINTIFF

1. Plaintiff incorporates and re-alleges the preceding paragraphs.

2. In October 2010, Defendants, without conducting a thorough investigation, notified Ebay that a handbag sold by Plaintiff on her Ebay seller account was counterfeit and infringed Defendants' trademarks.

3. By letter dated October 8, 2010, Defendants, through their attorney, falsely stated that Plaintiff's merchandise was counterfeit.

4. Contrary to Defendants' accusations, Plaintiff did not infringe Defendants' trademarks or violate any other law.

5. The aforementioned statements are defamatory because they refer to Plaintiff and tend to prejudice her business credit, property, and operations.

6. Defendants had no factual basis for stating that Plaintiff sold counterfeit products.

7. Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

### 4. TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

1. Plaintiff incorporates and re-alleges the preceding paragraphs.

2. In October 2010, Defendants, without conducting a thorough investigation, notified Ebay that a handbag sold by Plaintiff was counterfeit and infringed Defendants' trademarks. This constituted a knowing, material misrepresentation of trademark infringement. Defendants knew that plaintiff had a valid business expectancy for the sale of the handbag.

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

Page 5 of 11

3. On October 8, 2010, Defendants, through their attorney, notified Plaintiff of the alleged trademark violation and requested that Plaintiff return the handbag to Defendants and pay monetary damages.

4. This conduct intentionally interfered, induced or caused a breach of the known business expectancy, causing damage to the plaintiff.

5. Defendants have engaged in an ongoing pattern of this conduct which has damaged all members of the class.

5. **DECLARATION OF NO DEFAMATION BY PLAINTIFF'S COUNSEL**

1. It appears that defendant Coach, Inc. has hired counsel named Stellman Keehnel, practicing at DLA Piper in Seattle, to represent it in this matter. Mr. Keehnel has been in regular communication with Plaintiff's counsel since this lawsuit was filed and has held himself out as Coach's counsel. Mr. Keehnel has, however, refused to formally appear in this case as defense counsel, despite repeated written and oral requests by Plaintiff's counsel that he confirm his representation by formally appearing.

2. In a letter dated February 27, 2011, Mr. Keehnel wrote to Plaintiff's counsel, demanding that we summarily dismiss this lawsuit. In this letter, he stated that if the lawsuit was not dismissed, he would, on behalf of Coach, Inc., seek Rule 11 sanctions against counsel and against class representative plaintiff Gina Kim herself. He claimed that there were no fewer than 10 separate instances of a Rule 11 violation. He further urged Plaintiff's counsel "to inform your client, as the rules of Professional Conduct require, of the likelihood that she will have to pay the Coach companies' legal fees if she fails to dismiss the lawsuit."

3. In this letter demanding dismissal of the lawsuit, Mr. Keehnel also repeatedly asserted that Plaintiff's counsel had committed defamation against the Defendant. He repetitively claimed that during a media interview related to the lawsuit, Plaintiff's counsel committed defamation against Coach.

4. During a phone conference on February 28, 2011, Mr. Keehnel repeated his threat to sue Plaintiff's counsel for defamation. He represented that such a lawsuit against Plaintiff's counsel by Coach was a certainty.

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

Page 6 of 11

5. On information and belief, it is counsel's opinion that Mr. Keehnel has advanced threats of Rule 11 proceedings and defamation lawsuits against Plaintiff's counsel in order to intimidate Plaintiff's counsel into dismissing the lawsuit against his client. Indeed, these threats were first advanced in a letter explicitly demanding that Plaintiff's counsel dismiss the lawsuit.

6. The media interview at issue in Mr. Keehnel's defamation threats was not solicited or arranged by Plaintiff's counsel. A reporter from King 5 news independently acquired a copy of the Complaint in this case after it was filed, and contacted Plaintiff's counsel to request an interview with Plaintiff's counsel. During that interview, Plaintiff's counsel repeated the allegations in the Complaint and answered questions about the case.

7. The allegedly defamation statements were substantially true. Defendant Coach sent class representative plaintiff Gina Kim a letter declaring unequivocally that she had attempted to sell a counterfeit Coach bag on eBay.com, threatening her with legal action. This statement was flatly false – the Coach bag Ms. Kim attempted to sell was a legitimate Coach product. Indeed, Ms. Kim was a former Coach employee. Therefore, Coach failed to reasonably investigate whether the product was, in fact, counterfeit, as they had asserted. If Coach *had* reasonably investigated that issue, they could have easily discovered that the product was genuine. The actual product was depicted in photographs taken by Ms. Kim and posted in the eBay.com advertisement. Coach could have easily contacted Ms. Kim to inquire about the product for sale, which it never did, rather than sending her a letter declaring with no uncertainty that she had violated trademark law by attempting to sell a counterfeit product. Plaintiff's counsel therefore had a good faith basis to assert that Coach failed to investigate, and the statement was substantially true. There has been no defamation against Coach.

8. For the purposes of defamation law, Coach is an all-purpose and/or a limited purpose public figure. Coach is a world famous brand and the company spends a great deal of money on marketing to ensure that it remains a world famous brand. Indeed, the reason the media was interested in this Complaint in the first place was because of Coach's fame and success at branding itself globally. Coach's conduct is therefore of continuing legitimate public interest.

9. Any defamation claims by Coach are subject to the opinion and fair comment exception.

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

## V.    CLASS ALLEGATIONS

1.    Plaintiff seeks certification of a class as defined below.

(a)   **The Class:** The plaintiff class alleged consists of all consumers in Washington State who have, in the last three years, received a cease and desist letter from Coach or the agents of Coach, accusing them of attempting to sell infringing and counterfeit Coach products through an online outlet such as E-Bay, Craigslist, and other such services, where such allegation was made without basis and has harmed the consumer.

Excluded from the Class are (i) any judge presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

2.    **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, Defendant has threatened many Class members throughout the State of Washington, making joinder of each individual member impracticable. Ultimately, the Class and members will be easily identified through Defendant's records. Plaintiff believes that the members of the Class are geographically dispersed throughout the State, and that joinder of all Class members would therefore be impracticable.

3.    **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

Common questions of law and fact include but are not limited to:

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

  (a) Whether Defendants threatened legal action and demanded payment of settlement damages with no basis in fact;

  (b) Whether Defendants notified online retailers that counterfeit merchandise was being sold on their website with no basis in fact;

  (c) Whether Defendant's practices violate the CPA;

  (d) Whether Defendant's practices violate 17 U.S.C. 512(f);

  (e) Whether Defendant's conduct constituted defamation;

  (f) Whether Defendant's conduct tortiously interfered with a legitimate business expectancy of the Class members;

  (g) Whether Plaintiff and the Class are entitled to relief, and the nature of such relief.

  4. **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class members sustained damages as a result of Defendant's uniform wrongful conduct toward Plaintiff and the Class.

  5. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent to litigate this action. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

  6. **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendant, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it

FIRST AMENDED COMPLAINT FOR DAMAGES  
CLASS ACTION ALLEGED  

VAN EYK & MOORE, PLLC.  
100 West Harrison Street, N440  
Seattle, WA 98119  
(206) 414-8968  
(206) 452-0722 FAX  

Page 9 of 11

would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

7. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class and Subclasses as a whole. Defendant's conduct challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of that conduct hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

8. **Reservation:** Plaintiff reserves the right to revise the Class definition and Class allegations based upon information learned through discovery.

## VI. PRAYER FOR RELIEF

Plaintiff prays for a judgment against Defendants as follows:

1. For an order certifying this case as a class action pursuant to FRCP 23, and for an order appointing Plaintiff as Class representative and the undersigned counsel as class counsel;

2. That the defendant be temporarily and permanently enjoined from continuing to engage in the conduct described in this Complaint;

3. Under Count 1, class wide damages, treble class wide damages, and reasonable attorney fees and costs for the class as a whole;

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

4. On Count 2, class wide damages, and reasonable attorney fees and costs for the class as a whole; and that a declaratory judgment be entered declaring that Plaintiff did not infringe any valid and enforceable trademarks owned by Defendants and that Defendant's conduct violated federal law;

5. On Count 3, class wide damages, and an injunction prohibiting Defendant from continuing to disparaging the goods, services, and business of Plaintiff class members;

6. On Count 4, class wide damages;

7. For an order requiring Defendant to disgorge all profits, benefits, and other compensation obtained from the conduct described in this Complaint;

8. That Plaintiff and the Class be awarded their costs and expenses incurred in connection with this action, including attorneys' fees, and pre-judgment and post-judgment interest; and

9. For a declaration that plaintiff's counsel has not defamed the Coach companies;

10. For any other relief that the Court deems just and proper.

**VII. JURY DEMAND**

Plaintiff demands a trial by a jury of twelve of all claims so triable.

Dated this 2nd day of March, 2011

Respectfully submitted,

Van Eyk & Moore, PLLC.

_____
Jason B. Moore, WSBA No. 41324
Van Eyk & Moore, PLLC
Jay Carlson, WSBA No. 30411
Carlson Legal
Christopher Carney, WSBA No. 30325
Carney Gillespie & Isitt PLLC

FIRST AMENDED COMPLAINT FOR DAMAGES
CLASS ACTION ALLEGED

VAN EYK & MOORE, PLLC.
100 West Harrison Street, N440
Seattle, WA 98119
(206) 414-8968
(206) 452-0722 FAX

## DECLARATION OF SERVICE

The undersigned declares under the penalty of perjury, under the laws of the State of Washington, that the following is true and correct.

That on March 2, 2011, I arranged for service of the foregoing First Amended Complaint, to the parties to this action as follows:

| Stellman Keehnel<br>DLA Piper LLP<br>701 Fifth Avenue, Suite 7000<br>Seattle, WA  98104<br>stellman. keehnel@dlapiper.com | ____Facsimile<br>____Messenger<br>__x_ US Mail<br>____Overnight Mail<br>__x_ Email |
|---|---|

DATED at Seattle, Washington this 2nd day of March, 2011.

_____
Margarita N. Vanegas