1    THE HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10   | GINA KIM, on behalf of a class consisting | NO. 2:11-cv-00214-RSM |
     | of herself and all other persons similarly | |
11   | situated, | **COACH, INC.'S ANSWER, DEFENSES,** |
     | | **AND AFFIRMATIVE DEFENSES TO** |
12   | Plaintiffs, | **FIRST AMENDED COMPLAINT, AND** |
     | v. | **COUNTERCLAIMS** |
13   | | |
     | COACH, INC., a Maryland corporation, | |
14   | and COACH SERVICES, INC., a | |
     | Maryland corporation, | |
15   | | |
     | Defendants, and, as to | |
16   | Coach, Inc., counterclaim | |
     | plaintiff, | |
17   | | |
     | v. | |
18   | | |
     | JAY CARLSON, a Washington resident; | |
19   | CARLSON LEGAL, a Washington | |
     | resident; CHRISTOPHER CARNEY, a | |
20   | Washington resident; CARNEY | |
     | GILLESPIE & ISITT PLLC, a Washington | |
21   | PLLC, | |
     | | |
22   | Counterclaim defendants. | |

23        Defendant Coach, Inc. ( "Coach") hereby answers the First Amended Complaint (the

24   "Amended Complaint") filed by plaintiff Gina Kim on behalf of a putative class consisting of

25   Ms. Kim and all other Washington residents similarly situated, and filed by plaintiffs Jay

26   Carlson, Carlson Legal, Christopher Carney, Carney Gillespie & Isitt PLLC, Jason B. Moore,

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS – 1
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1  and Van Eyk & Moore, PLLC.  Coach's answer, defenses, affirmative defenses, and

2  counterclaims are based on information and knowledge thus far secured by Coach, and Coach

3  reserves the right to amend or supplement its answer, defenses, affirmative defenses, and

4  counterclaims based on facts later discovered, pleaded, or offered.  To the extent that any

5  express or implied allegations in the Amended Complaint are not specifically admitted herein,

6  Coach hereby denies any such allegations.

7  <u>**ANSWER TO THE FIRST AMENDED COMPLAINT**</u>

8  **SUMMARY**

9       Coach denies each and every allegation in plaintiffs' "Summary," except to admit that

10  its law firm Gibney, Anthony & Flaherty, LLP ("Gibney") monitors certain items listed for sale

11  on eBay, that Gibney alerts eBay when counterfeit Coach products are detected, that Gibney

12  delivers communications to sellers when counterfeit Coach products are detected, and that

13  Ms. Kim is a former Coach employee.  Coach specifically denies that it "is trying to force all

14  consumers to purchase Coach products" only in Coach's retail stores.  Coach specifically

15  denies that it "wantonly accuses consumers of infringing its trademarks . . . ."  Coach

16  specifically denies that it makes any accusations of counterfeiting "[w]ithout investigating the

17  validity of its allegations . . . ."  Coach specifically denies that it "fails to conduct even a

18  minimally reasonable investigation into its counterfeiting claims . . . ."

19  **I.**     <u>**NATURE OF PLAINTIFF'S CLAIMS**</u>

20       To the extent that this section contains allegations of fact, Coach denies the allegations

21  contained therein, except to state that counsel for Coach indicated to counsel for Ms. Kim that

22  counsel for Ms. Kim had committed actionable defamation that would be the subject of a claim.

23  Coach specifically denies that any threats were made.

24  **II.**     <u>**PARTIES**</u>

25       1.     Coach denies that Ms. Kim is representative of any purported class in this

26  matter.  As to the remaining allegations in Paragraph 1, Coach lacks sufficient knowledge or

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 2
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1  information to form a belief as to the truth of the allegations contained therein and, on that

2  basis, denies such allegations.

3      2.      Coach denies that the putative class described in Paragraph 2 is valid under

4  Fed.R.Civ.P. 23.  As to the remaining allegations in Paragraph 2, Coach lacks sufficient

5  knowledge or information to form a belief as to the truth of the allegations contained therein

6  and, on that basis, denies such allegations.

7      3.      Coach admits that Coach, Inc. and Coach Services, Inc. are Maryland

8  corporations and that their principal places of business are not in Washington.  The meaning of

9  the term "extensive" is undefined and, on that basis, Coach denies the remaining allegations in

10  Paragraph 3.

11      4.      Coach denies that counsel for Ms. Kim "have been directly threatened with a

12  defamation lawsuit by Coach's counsel."  As to the remaining allegations in Paragraph 4,

13  Coach lacks sufficient knowledge or information to form a belief as to the truth of the

14  allegations contained therein and, on that basis, denies such allegations, except to acknowledge

15  that Ms. Kim's lawyers have been made named plaintiffs in this lawsuit.

16      **III.    <u>JURISDICTION AND VENUE</u>**

17      1.      Answering Paragraph 1, Coach lacks sufficient knowledge or information to

18  form a belief as to the truth of the allegations contained therein and, on that basis, denies such

19  allegations.

20      2.      Paragraph 2 contains legal conclusions to which no response is necessary.  To

21  the extent that Paragraph 2 contains allegations of fact, Coach admits that the Amended

22  Complaint purports to invoke jurisdiction under 28 U.S.C. §§ 1331, 1332, 1367, and 2201-02.

23      3.      Coach admits that it markets and sells trademarked goods in Washington.

24  Coach denies the remaining allegations in Paragraph 3.

25      4.      Paragraph 4 contains legal conclusions to which no response is necessary.  To

26  the extent that Paragraph 4 contains allegations of fact, Coach admits that the Amended

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 3
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1  Complaint purports to invoke venue under 28 U.S.C. §§ 1391(a), (b), & (c).

2  **IV.   FACTS COMMON TO ALL COUNTS**

3  1.      Answering Paragraph 1, Coach lacks sufficient knowledge or information to
4  form a belief as to the truth of the allegations contained therein and, on that basis, denies such
5  allegations.

6  2.      Answering Paragraph 2, Coach lacks sufficient knowledge or information to
7  form a belief as to the truth of the allegations contained therein and, on that basis, denies such
8  allegations.

9  **1.    "VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT"**

10  1.      Coach incorporates and realleges the preceding paragraphs as if set forth fully
11  herein.

12  2.      Paragraph 2 contains legal conclusions to which no response is necessary.  To
13  the extent that Paragraph 2 contains allegations of fact, Coach lacks sufficient knowledge or
14  information to form a belief as to the truth of the allegations contained therein and, on that
15  basis, denies such allegations.

16  3.      Coach admits that, in October 2010, Gibney notified eBay that Gibney believed,
17  on the basis of Ms. Kim's eBay listing, that a handbag listed for sale by Ms. Kim is counterfeit
18  and infringed Coach's trademarks.  Coach denies the remaining allegations in Paragraph 3.
19  Coach specifically denies that it acted "without conducting any reasonable investigation."

20  4.      Coach admits that the listing referenced in the preceding paragraph was briefly
21  removed from eBay but denies that Ms. Kim's characterization, which implies that the listing
22  was never re-instated, is accurate.  Coach further denies that it made any claims at all.  As to
23  the remaining allegations in Paragraph 4, Coach lacks sufficient knowledge or information to
24  form a belief as to the truth of the allegations contained therein and, on that basis, denies such
25  allegations.

26  5.      Coach admits that, on or about October 8, 2010, Gibney sent a letter to Ms. Kim

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 4
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

1   regarding her eBay listing.  Coach denies that Ms. Kim's characterization of the letter is

2   accurate or complete, and submits that the letter is the best evidence of its contents.

3          6.      Answering Paragraph 6, Coach lacks sufficient knowledge or information to

4   form a belief as to the truth of the allegations contained therein and, on that basis, denies such

5   allegations.

6          7.      Coach denies the allegations contained in Paragraph 7.

7          8.      Coach denies the allegations contained in Paragraph 8.

8          9.      Coach denies the allegations contained in Paragraph 9.

9          10.     Coach denies the allegations contained in Paragraph 10.

10         11.     Coach denies the allegations contained in Paragraph 11.

11  **2.     "MISREPRESENTATION OF TRADEMARK INFRINGEMENT IN
12          VIOLATION OF 17 U.S.C. 512(f), AND DECLARATORY JUDGMENT"**

13         1.      Coach incorporates and realleges the preceding paragraphs as if set forth fully

14  herein.

15         2.      Coach admits the allegations in Paragraph 2.

16         3.      Coach admits that, in October 2010, Gibney notified eBay that Gibney believed,

17  on the basis of Ms. Kim's eBay listing, that a handbag listed for sale by Ms. Kim is counterfeit

18  and infringed Coach's trademarks.  Coach denies the remaining allegations in Paragraph 3.

19         4.      Coach admits that, on October 8, 2010, Gibney sent a letter to Ms. Kim

20  regarding her eBay listing.  Coach denies that Ms. Kim's characterization of the letter is

21  accurate or complete, and submits that the letter is the best evidence of its contents.  Coach

22  denies the remaining allegations in Paragraph 4.

23         5.      Answering Paragraph 5, Coach lacks sufficient knowledge or information to

24  form a belief as to the truth of the allegations contained therein and, on that basis, denies such

25  allegations.

26         6.      Coach denies the allegations in Paragraph 6.

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 5
NO. 2:11-cv-00214-RSM                          DLA Piper LLP (US)
                                               701 Fifth Avenue, Suite 7000
                                               Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1       7.      Coach denies the allegations in Paragraph 7.

2       8.      Coach denies the allegations in Paragraph 8.

3       9.      Coach denies the allegations in Paragraph 9.

**3.**     **"DEFAMATION BY DEFENDANT AGAINST PLAINTIFF"**

1.     Coach incorporates and realleges the preceding paragraphs as if set forth fully herein.

2.     Coach admits that, in October 2010, Gibney notified eBay that Gibney believed, on the basis of Ms. Kim's eBay listing, that a handbag listed for sale by Ms. Kim is counterfeit and infringed Coach's trademarks. Coach denies the remaining allegations in Paragraph 2.

3.     Coach denies the allegations in Paragraph 3.

4.     Answering Paragraph 4, Coach lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations.

5.     Coach denies the allegations in Paragraph 5.

6.     Coach denies the allegations in Paragraph 6.

7.     Coach denies the allegations in Paragraph 7.

**4.**     **"TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY"**

1.     Coach incorporates and realleges the preceding paragraphs as if set forth fully herein.

2.     Coach admits that, in October 2010, Gibney notified eBay that Gibney believed, on the basis of Ms. Kim's eBay listing, that a handbag listed for sale by Ms. Kim is counterfeit and infringed Coach's trademarks. Coach denies the remaining allegations in Paragraph 2.

3.     Coach admits that, on October 8, 2010, Gibney sent a letter to Ms. Kim regarding her eBay listing. Coach denies that Ms. Kim's characterization of the letter is accurate or complete, and submits that the letter is the best evidence of its contents.

4.     Coach denies the allegations in Paragraph 4.

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 6
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

5.      Coach denies the allegations in Paragraph 5.

**5.      "DECLARATION OF NO DEFAMATION BY PLAINTIFF'S COUNSEL"**

1.      Coach admits that it has hired counsel named Stellman Keehnel, who practices at DLA Piper in Seattle.  Coach further admits that Mr. Keehnel has been in communication with counsel for Ms. Kim.  Coach further admits that, as of the filing of the Amended Complaint, Mr. Keehnel had not yet filed a notice of appearance in this matter because there was no occasion to do so, as the time for Coach to appear and respond, following service of process, had not run.  Coach denies the remaining allegations in Paragraph 1.  Coach specifically denies that Mr. Keehnel has been in "regular communication" with counsel for Ms. Kim.  Coach specifically denies that Mr. Keehnel was under any obligation to appear in this case because of "repeated written and oral requests" to appear.

2.      Coach denies that Mr. Keehnel sent counsel for Ms. Kim a letter dated February 27, 2011.  Coach denies that counsel for Ms. Kim's characterization of any letter sent by Mr. Keehnel is accurate or complete, and submits that the best evidence of the contents of any letter sent to Ms. Kim's counsel is such letter.

3.      Coach again denies that Mr. Keehnel sent counsel for Ms. Kim a letter dated February 27, 2011.  Coach admits that, in a February 17, 2011 letter, Mr. Keehnel informed counsel for Ms. Kim that they committed defamation.  Coach denies that counsel for Ms. Kim's characterization of any letter sent by Mr. Keehnel is accurate or complete, and submits that the best evidence of the contents of any letter sent to Ms. Kim's counsel is such letter.

4.      Coach denies that any "threat" was made.  Coach admits that Mr. Keehnel informed counsel for Ms. Kim that counsel for Ms. Kim committed defamation and that a claim would be filed.  Coach denies the remaining allegations in Paragraph 4.

5.      Coach denies the allegations in Paragraph 5.

6.      Coach denies that the description of counsel for Ms. Kim's actions during the interview – that they "repeated the allegations in the Complaint and answered questions about

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 7
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1   the case" – is accurate or complete.  As to the remaining allegations in Paragraph 6, Coach

2   lacks sufficient knowledge or information to form a belief as to the truth of the allegations

3   contained therein and, on that basis, denies such allegations.

4         7.      Coach admits that Gibney sent Ms. Kim a letter, although Coach denies that

5   counsel for Ms. Kim's characterization of the letter is accurate or complete, and submits that

6   the letter is the best evidence of its contents.  Coach admits that Ms. Kim is a former Coach

7   employee.  Coach lacks sufficient knowledge or information to form a belief as to the truth of

8   the allegation that "[t]he actual product was depicted in photographs taken by Ms. Kim and

9   posted in the eBay.com advertisement . . . ."  Coach denies the remaining allegations in

10  Paragraph 7.  Coach specifically denies that the defamatory statements by counsel for Ms. Kim

11  were substantially true.  Coach specifically denies that Coach "failed to reasonably investigate"

12  the authenticity of the product.  Coach specifically denies that "[i]f Coach had reasonably

13  investigated that issue, they could have easily discovered that the product was genuine."  Coach

14  specifically denies that counsel for Ms. Kim had a "good faith basis to assert that Coach failed

15  to investigate, and the statement was substantially true."  Coach specifically denies that "[t]here

16  has been no defamation against Coach."

17        8.      Coach admits that its brand is famous.  Coach lacks sufficient knowledge or

18  information to form a belief as to the truth of the allegation regarding "the reason the media

19  was interested in this Complaint in the first place . . . ."  The meaning of the phrase "great deal

20  of money" is undefined and, on that basis, Coach denies the allegation regarding the amount of

21  money it spends on marketing.  Coach denies the remaining allegations in Paragraph 8.

22        9.      Coach denies the allegations in Paragraph 9.

23  **V.**     **CLASS ALLEGATIONS**

24        1.      Paragraph 1 contains legal conclusions to which no response is necessary.  To

25  the extent that Paragraph 1 contains allegations of fact, Coach denies the allegations in

26  Paragraph 1.

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 8
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

2.       Coach denies the allegations in Paragraph 2.

3.       Paragraph 3 contains legal conclusions to which no response is necessary.  To the extent that Paragraph 3 contains allegations of fact, Coach denies the allegations in Paragraph 3.

4.       Coach denies the allegations in Paragraph 4.

5.       Coach denies the allegations in Paragraph 5.

6.       Coach denies the allegations in Paragraph 6.

7.       Coach denies the allegations in Paragraph 7.

8.       No response is necessary to Paragraph 8.

**VI.**       **PRAYER FOR RELIEF**

Coach denies that Ms. Kim is entitled to the relief sought in the Amended Complaint or to any other relief.

**DEFENSES AND AFFIRMATIVE DEFENSES**

As separate and distinct defenses and affirmative defenses to the Amended Complaint, Coach further alleges as follows, without admission that Coach carries the burden of proof on any of the defenses set forth below:

1.       **Failure to State a Claim**.  The Amended Complaint fails to state a claim for which relief can be granted.

2.       **Unclean Hands**.  Ms. Kim is not entitled to obtain recovery for damages she has incurred, if any, arising out of her own wrongful conduct.

3.       **Prior Breach**.  Each and every one of Ms. Kim's causes of action in the Amended Complaint is barred by the doctrine of prior breach.

4.       **Intervening Cause**.  Each and every one of Ms. Kim's causes of action in the Amended Complaint is barred by the doctrine of intervening cause.

5.       **Kim's Own Conduct**.  Each and every one of Ms. Kim's causes of action in the Amended Complaint is barred by Ms. Kim's own conduct.

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 9
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

6.     **Estoppel**.  Each and every one of Ms. Kim's causes of action in the Amended Complaint is barred by the doctrine of estoppel.

7.     **Justification**.  Each and every one of Ms. Kim's causes of action in the Amended Complaint is barred by the doctrine of justification.

8.     **Truth**.  Ms. Kim's claim for defamation is barred by the doctrine of truth.

9.     **Lack of Damages**.  The Amended Complaint, and each purported claim by Ms. Kim for relief therein, is barred because Ms. Kim has not suffered any damages as a result of any acts, conduct, or omissions by Coach.

10.     **Failure to Mitigate**.  Ms. Kim is precluded from pursuing her Amended Complaint and each claim for relief therein because Ms. Kim has failed to mitigate her damages, if any, which she seeks to recover.

11.     **Successful Mitigation of Damages**.  Ms. Kim is precluded from pursuing her Amended Complaint and each claim for relief therein because Ms. Kim has successfully mitigated her damages, such that there are no damages to recover.

12.     **Justifiable Reliance**.  Coach justifiably relied on Ms. Kim's false statement that the subject bag is "NEW."  In fact, the subject bag was six or seven years old at the time Ms. Kim falsely represented that the bag is "NEW."

13.     **No Typicality**.  Ms. Kim is not typical of the class she purports to represent.

14.     **No Numerosity**.  The putative class does not satisfy the numerosity requirement.

15.     **Counsel Not Qualified**.  Ms. Kim's selected counsel are not qualified to serve as class counsel.

16.     **No Predominance**.  Individual issues predominate, rendering class treatment inappropriate.

17.     **Failure to Join Necessary Party**.  Each and every one of Ms. Kim's causes of action in the Amended Complaint is barred by Ms. Kim's failure to join a necessary party.

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 10
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1    18.    **<u>Right to Assert Additional Defenses</u>**.  The above defenses and affirmative

2  defenses are based on the facts and information currently known to Coach.  Coach reserves the

3  right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded

4  or offered.

5

6                                      **<u>COUNTERCLAIMS</u>**

7      Counterclaim plaintiff Coach, Inc. ("Coach") alleges as follows:

8                                      **<u>INTRODUCTION</u>**

9      Coach asserts a straightforward defamation case against certain of plaintiff Ms. Kim's

10  lawyers who sought publicity of this lawsuit and then made false statements about Coach

11  outside the lawsuit.  Coach does not assert a counterclaim against Ms. Kim.

12      Defendants Jay Carlson and Christopher Carney appeared on a television newscast and

13  deliberately stated false information about Coach.  Mr. Carlson pretended to read from a letter

14  sent to his client by an attorney at the law firm of Gibney, Anthony & Flaherty, on behalf of

15  Coach.  But the words that Mr. Carlson spoke – "You have committed trademark infringement

16  and we are going to sue you for two million dollars" – do not appear in the letter.

17      Mr. Carney, without justification, accused Coach of making "threats" without

18  conducting any investigation.  In fact, an investigation was conducted, and Mr. Carney's

19  representation to the contrary with reckless disregard for the truth was calculated to inflict

20  maximum reputational injury to Coach, and to cause consumers not to do business with Coach.

21      Mr. Carlson and Mr. Carney did not speak pursuant to any privilege.  As a direct result

22  of their purposefully false statements, Coach has suffered and continues to suffer enormous

23  injury in the marketplace, as news outlets, blogs, and the like have republished one-sided

24  stories based on the defendants' fabricated "evidence" and baseless accusations.

25

26

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND                          DLA Piper LLP (US)
COUNTERCLAIMS - 11                                          701 Fifth Avenue, Suite 7000
NO. 2:11-cv-00214-RSM                              Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

## PARTIES

1.      Plaintiff Coach, Inc. is a Maryland corporation with its principal place of business in New York, NY.

2.      On information and belief, defendant Jay Carlson is, and was at all times relevant herein, a resident of Washington.

3.      On information and belief, Carlson Legal is the name under which defendant Mr. Carlson does business.  Insufficient publicly available information is available to ascertain the nature of "Carlson Legal."  Insofar as Carlson Legal is a legal entity with an existence separate from Mr. Carlson, on information and belief, Carlson Legal is a resident of Washington.  Insofar as Carlson Legal is a legal entity with an existence separate from Mr. Carlson, Carlson Legal is counsel for Ms. Kim, and therefore a plaintiff in the Amended Complaint and a counterclaim defendant.

4.      On information and belief, defendant Christopher Carney is, and was at all times relevant herein, a resident of Washington.

5.      Carney Gillespie & Isitt PLLC is a Washington PLLC with its principal place of business in Washington.  Carney Gillespie & Isitt PLLC is counsel for Ms. Kim and therefore a plaintiff in the Amended Complaint and a counterclaim defendant.

## JURISDICTION AND VENUE

6.      This Court has original diversity jurisdiction over these counterclaims under 28 U.S.C. § 1332, because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Coach's damages exceed $75,000, exclusive of interest and costs.

7.      Venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief, this is a diversity action in a judicial district where any (counterclaim) defendant resides and all of the counterclaim defendants reside in the same state.  Venue is also proper

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 12
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1  under 28 U.S.C. § 1391 because this is a judicial district in which a substantial part of the

2  events or omissions giving rise to the counterclaims occurred.

3  ## GENERAL ALLEGATIONS

4  8.      Coach is a leading designer, producer, and marketer of accessories and gifts,

5  including handbags, business cases, luggage and travel accessories, wallets, outerwear,

6  eyewear, gloves, scarves, fragrance, and fine jewelry bearing the COACH trademark and other

7  associated marks.

8  9.      Coach's reputation for high quality workmanship and creative design is critical

9  to Coach's business model.  Coach relies heavily on the enormous goodwill that it enjoys with

10  respect to its well-known and highly-regarded brand.

11  10.      Impairment of Coach's reputation directly diminishes Coach's ability to conduct

12  its business.

13  11.      As with other designers and producers of consumer products, Coach is faced

14  with the insurmountable task of policing its intellectual property and protecting itself and

15  consumers from counterfeit merchandise.

16  12.      Removing suspicious listings is a routine function that eBay undertakes in

17  connection with its efforts to limit the potential for massive counterfeiting on eBay.  If eBay

18  were not permitted to remove suspicious listings, it would have no ability to control

19  counterfeiting.  Similarly, if intellectual property rights holders were not able to request

20  removal of suspicious listings – especially when the listing itself inaccurately describes the

21  product at issue – then websites like eBay would be overrun with counterfeit merchandise, to

22  the detriment of the websites, the producers, and consumers.

23  13.      In late September or early October 2010, Ms. Kim listed a handbag on

24  eBay.com as "NEW."  Ms. Kim also advertised the bag as a COACH handbag.

25  14.      Purporting to act on behalf of Coach, the law firm Gibney, Anthony & Flaherty

26  LLP ("Gibney") conducted an investigation of the handbag listing.  Gibney concluded,

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 13
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

1   correctly, that if the bag were "NEW," it is not an authentic COACH handbag.

2       15.     On information and belief, in October 2010, eBay.com removed Ms. Kim's

3   handbag listing for a short time in connection with suspicion that Ms. Kim was selling a

4   counterfeit bag.

5       16.     Shortly after Ms. Kim's listing was removed from eBay, Gibney sent Ms. Kim a

6   letter, which letter is attached as **Exhibit A**.  Ms. Kim received the letter, contacted Gibney,

7   and her listing with eBay was reinstated almost immediately thereafter.

8       17.     On February 8, 2011, the counterclaim defendants filed the above-captioned

9   lawsuit on behalf of Ms. Kim in this Court.

10      18.     On February 9, 2011, the counterclaim defendants appeared on a television

11  newscast on KING 5 news in Seattle.

12      19.     As part of the newscast, Mr. Carlson purported to read from the letter that

13  Gibney sent to Ms. Kim.  Representing that he was reading from the letter, Mr. Carlson stated

14  as follows:

15      *You have committed trademark infringement and we are going to sue you for two*

16      *million dollars.*

17      20.     While making the above statement, Mr. Carlson looked at the letter and pointed

18  to the text to indicate that he was, in fact, reading from the letter.  The only fair conclusion to

19  the viewer was that the letter from Gibney included Mr. Carlson's statement.

20      21.     In fact, as is clear from Exhibit A, the letter contains no such statement.  Mr.

21  Carlson's statement was false.

22      22.     Later in the same newscast, Mr. Carney made the following statement regarding

23  the matter:

24      *She acquired her Coach bags directly from Coach, they are unquestionably*

25      *legitimate. **Clearly Coach did nothing to investigate their threats against her**.*

26

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND                DLA Piper LLP (US)
COUNTERCLAIMS - 14                               701 Fifth Avenue, Suite 7000
NO. 2:11-cv-00214-RSM                    Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

23.     Mr. Carney's statement was false.  Mr. Carney failed to conduct any inquiry before making such a statement, and, with total disregard for the truth of his statement, falsely asserted that Coach uses accusations of trademark infringement to stifle second-hand sales of authentic products.

24.     Mr. Carlson and Mr. Carney sought maximum publicity for their false and defamatory statements, for the purpose of ensuring that the false information would reach a large audience, including consumers and potential consumers of Coach products.

25.     Mr. Carlson's and Mr. Carney's statements did in fact reach a large audience, including Coach consumers and potential consumers of Coach products, and affected the decisions such persons made concerning Coach products.

26.     The widespread dissemination of Mr. Carlson's and Mr. Carney's false information about Coach has severely injured Coach's reputation in the marketplace.

## FIRST CAUSE OF ACTION

### (Defamation – Against Mr. Carlson)

27.     Coach incorporates and realleges the preceding paragraphs as if set forth fully herein.

28.     Mr. Carlson's statement to the news media on or about February 9, 2011 was false.

29.     Mr. Carlson's statement was an unprivileged communication.

30.     Mr. Carlson's statement was published to the news media with knowledge of its falsity.

31.     Mr. Carlson's statement has harmed and continues to harm Coach's reputation.

32.     On information and belief, Mr. Carlson's statement to the news media has been viewed/heard by persons around the country and the world.

33.     As a proximate result of publication of Mr. Carlson's statement, Coach has suffered significant damages in an amount to be demonstrated at trial.

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 15
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

34.     The above-described publication was made by Mr. Carlson with actual malice and reckless disregard for the truth, in that Mr. Carlson specifically intended to misrepresent the contents of a statement attributed to Coach in an effort to injure Coach.

## SECOND CAUSE OF ACTION

### (Defamation – Against Mr. Carney)

35.     Coach incorporates and realleges the preceding paragraphs as if set forth fully herein.

36.     Mr. Carney's statement to the news media on or about February 9, 2011 was false.

37.     Mr. Carney's statement was an unprivileged communication.

38.     Mr. Carney's statement was published to the news media with knowledge of its falsity.

39.     Mr. Carney's statement has harmed and continues to harm Coach's reputation.

40.     On information and belief, Mr. Carney's statement to the news media has been viewed/heard by persons around the country and the world.

41.     As a proximate result of publication of Mr. Carney's statement, Coach has suffered significant damages in an amount to be demonstrated at trial.

42.     The above-described publication was made by Mr. Carney with actual malice and reckless disregard for the truth.

## REQUEST FOR RELIEF

Coach requests the following relief:

1.     Dismissal of the Amended Complaint with prejudice;

2.     An award of general and special damages, according to proof at trial;

3.     An award of costs and reasonable attorneys' fees incurred in this lawsuit; and

4.     An award of any such other and further relief as the Court may deem just and proper.

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 16
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

1    Dated this 3rd day of March, 2011.

2                                       DLA Piper LLP (US)

3
                                        By: *s/ Stellman Keehnel*
4                                            _____
                                             Stellman Keehnel, WSBA No. 9309
5                                            R. Omar Riojas, WSBA No. 35400
                                             Patrick Eagan, WSBA No. 42679
6                                            DLA Piper LLP (US)
                                             701 Fifth Avenue, Suite 7000
7                                            Seattle, WA  98104
                                             Tel:  206.839.4800
8                                            Fax:  206.839.4801
                                             E-mail:  stellman.keehnel@dlapiper.com
9                                            E-mail:  omar.riojas@dlapiper.com
                                             E-mail:  patrick.eagan@dlapiper.com
10                                           Attorneys for defendant and counterclaim plaintiff
                                             Coach, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 17
NO. 2:11-cv-00214-RSM

WEST\223262591.5

                              DLA Piper LLP (US)
                           701 Fifth Avenue, Suite 7000
                     Seattle, WA  98104-7044 ● Tel: 206.839.4800

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on March 3, 2011, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

4

counsel of record.

5

Dated this 3rd day of March, 2011.

6

7

*/s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT, AND
COUNTERCLAIMS - 18
NO. 2:11-cv-00214-RSM

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

WEST\223262591.5

# EXHIBIT A



**GIBNEY
ANTHONY &
FLAHERTY** LLP

Attorneys at Law
665 Fifth Avenue
New York, NY 10022
212.688.5151
212.688.8315 Fax
www.gibney.com

John Macaluso
212.688.5151
coach@gibney.com

October 8, 2010

**BY EMAIL: ginayunkim@gmail.com
AND FIRST CLASS MAIL**
Gina Kim
9069 17th Avenue SW
Seattle, WA 98106

Re: **Coach, Inc.**

Dear Ms. Kim:

This firm is counsel to Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), with respect to certain intellectual property matters. Coach is the owner of the federally-registered "COACH" trademark, among others (the "Coach Trademarks").

It has recently come to our attention that you are offering for sale and selling merchandise bearing counterfeits of the Coach Trademarks (the "Infringing Merchandise") on eBay.com.

Such action is likely to cause confusion and constitutes trademark counterfeiting, infringement and dilution of our clients' intellectual property rights. Your conduct violates federal and state trademark laws. As a result, you may be held liable for trademark counterfeiting and infringement. The penalties for such conduct are severe and may include injunctive relief, actual damages, statutory damages of up to $2,000,000 for each trademark that has been counterfeited, costs and attorneys' fees.

Therefore, we demand that you immediately cease and desist from any and all offering for sale, sale, distribution, importation, manufacture, advertisement, promotion and display of the Infringing Merchandise. We also demand that you do the following immediately:

1. Surrender all Infringing Merchandise in your possession, custody or control.

2. Provide the identity of the source of the Infringing Merchandise.

San Francisco Office: Two Transamerica Center, 505 Sansome Street, Suite 1200, San Francisco, CA 94111 tel 415.901.2270

Associated Offices: Gros & Waltenspuhl, Rue Beauregard 9, CH-1204 Geneva, Switzerland tel +41 22.311.3833
Magrath LLP, 66/67 Newman Street, London, W1T 3EQ, United Kingdom tel +44 207.495.3003

**GIBNEY ANTHONY & FLAHERTY** LLP

3. Make payment to "**Coach, Inc.**" by Cashier's Check, Certified Check or Money Order, for all damages and costs incurred by our clients in connection with your infringing conduct, in the amount of **$300.**

We strongly urge you not to contact the supplier of the Infringing Merchandise or to take any other action which would interfere with Coach's ability to eliminate Infringing Merchandise from the marketplace and will hold you responsible for your complicity in any such actions to the maximum extent provided by law.

Please complete the information below and return it along with the merchandise and payment to the undersigned at: Gibney, Anthony & Flaherty, LLP, 665 Fifth Avenue, New York, NY 10022.

You hereby warrant and represent that:

1. Your eBay.com seller ID is: _____.

2. All Infringing Merchandise has been withdrawn from eBay.com and all other venues and you have surrendered all Infringing Merchandise in your possession or control to the undersigned counsel for Coach.

3. You sold _____ pieces of Infringing Merchandise and your profits from these sales were $ _____.

4. Your supplier(s) for the Infringing Merchandise and its (their) contact information is:

   _____

   _____

   _____

5. You will never again advertise, manufacture, offer for sale, sell or otherwise distribute the Infringing Merchandise in any venue, including, but not limited to, eBay.com.

6. You have made monetary payment of $300 to Coach, either by certified check or money order, made payable to "Coach, Inc." based upon your profits and Coach's attorneys' fees and costs in connection with your sale of the Infringing Merchandise.



**GIBNEY ANTHONY & FLAHERTY**LLP

IN WITNESS WHEREOF, you agree to the foregoing.

Date: _____

Print Name: _____

Signature: _____

Please be advised that your failure to respond or to comply with these demands before **October 15, 2010,** may result in Coach taking legal action to enforce their rights, all of which are hereby expressly reserved.

Sincerely,

Gibney, Anthony & Flaherty, LLP

By: _John Macaluso_
       John Macaluso